UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 12-175 |
| DON BROOKS | SECTION I |

### ORDER AND REASONS

Before the Court is Don Brooks' ("Brooks") motion[1] to reconsider the Court's order[2] denying Brooks' motion for a sentencing transcript.

"While motions for reconsideration in criminal actions 'are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device.'" *United States v. Batiste*, No. 06-145, 2021 WL 2338217, at *1 (E.D. La. June 8, 2021) (Lemmon, J.) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)). "Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context." *Id.* (citing *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)).

The Fifth Circuit "has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as motion to alter or amend under [Federal Rule of Civil Procedure] 59(e)." *Id.* (quoting *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)). The Court's prior order was entered on July 31, 2023.[3] The instant motion was mailed

---

[1] R. Doc. No. 108. The Court construes this filing liberally as it was filed *pro se*. See *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[2] R. Doc. No. 107.
[3] R. Doc. No. 107.

on August 7, 2023 and filed into the record on August 15, 2023.[4] It is therefore analyzed pursuant to Rule 59(e).

Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations and citation omitted). Reconsideration is "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478–79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"'A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or], (4) the motion is justified by an intervening change in the controlling law.'" *Upper Room Bible Church, Inc. v. Sedgwick Delegated Auth.*, No. 22-3490, 2023 WL 2018001, at *2 (E.D. La. Feb. 15, 2023) (Africk, J.) (quoting *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.) (internal quotations omitted)). "A manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law."

---

[4] R. Doc. No. 108.

*Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (internal quotations and citations omitted).

The instant motion states that Brooks is "trying to get a copy of [his] sentencing transcript," which he has never seen, and states for the first time that he is "trying to file a 2255[] and a compassionate release [motion.]"[5] The motion also claims Brooks was told "that a federal prisoner is entitled to a free sentencing transcript."[6] Brooks appears to be referencing a sentence in the Court's order denying his request for a free transcript which reads: "A federal prisoner is entitled to a free transcript *if he is asserting a claim pursuant to 28 U.S.C. § 2255 and a judge 'certifies that the transcript is needed to decide the issue presented.'"*[7] Brooks has not filed a motion pursuant to § 2255 and no judge has certified that the transcript is needed.[8]

Simply invoking the possibility of a future § 2255 motion or compassionate release motion does not entitle Brooks to a free transcript. As the Court explained in its original order, Brooks is not entitled to a free copy of his sentencing transcript "solely because he is indigent or because he desires to prepare a petition seeking collateral relief." *United States v. Watson*, 61 F. App'x 919, at *1 (5th Cir. 2003) (per

---

[5] R. Doc. No. 108, at 1.
[6] *Id.*
[7] R. Doc. No. 107, at 1 (citing 28 U.S.C. § 753(f)) (emphasis added).
[8] The Court notes that, in his plea agreement, Brooks waived "his right to challenge his sentence collaterally, including . . . under Title 28, United States Code, Section[] 2255." R. Doc. No. 86 (plea agreement), at 3. Even if Brooks had filed a § 2255 motion, his request for the sentencing transcript may be denied because a § 2255 motion filed by a defendant who waived his right to file that motion can usually be resolved without reference to the sentencing transcript. *See, e.g.*, *United States v. Vaughn*, No. 06-170, 2008 WL 828062, at *1 (S.D. Tex. Mar. 25, 2008) (denying defendant's motion to reconsider denial of request for free sentencing transcript).

curiam) (citing *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973); *United States v. MacCollom*, 426 U.S. 317, 324–25 (1976)). Rather, Brooks "is required to demonstrate that the transcript is necessary for the proper disposition of his claims." *Id.* (citing *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)). He has not done so. "Given that [Brooks'] request is not related to any pending proceeding, the Court is unable to certify that [Brooks] is pursuing a matter that is not frivolous or that the transcripts are needed to decide the issue[s] presented by such a matter." *United States v. Stovall*, No. 16-18, 2021 WL 4439608, at *1 (E.D. La. Sept. 28, 2021) (Vance, J.) (internal quotations and citation omitted).

Nothing in Brooks' motion indicates that reconsideration is necessary to correct manifest errors of law or fact, to present new evidence, to show that reconsideration is necessary to prevent manifest injustice, or to remedy an intervening change in the controlling law. *See Upper Room Bible Church, Inc.*, 2023 WL 2018001, at *2. Accordingly,

**IT IS ORDERED** that Brooks' motion for reconsideration is **DENIED**.

New Orleans, Louisiana, August 21, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

4